UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-61617-CIV-CANNON/HUNT

PROFESSIONAL KITCHEN INSTALLER
GROUP INC.,

        Plaintiff,

vs.

BENJAMIN COLON, JR.
NATALIA OSORNO COLON and
G.O.A.T COMMERCIAL KITCHEN
INSTALLATIONS LLC,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 18. The Honorable Aileen M. Cannon, United States District Judge, referred this Motion to the undersigned for disposition. ECF No. 23; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, the entire record, applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Defendants' Motion be DENIED for the reasons outlined below.

## BACKGROUND

This case arises out of alleged misconduct stemming from a prior employment relationship between Plaintiff and Defendants. ECF No. 6. Plaintiff seeks a preliminary and permanent injunction against Defendants pursuant to Fla. Stat. § 542.335 and alleges both a breach of contract action and tortious interference with business relationships. *Id.*

Defendants now seek to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that all three causes of action fail because they are predicated on allegations that the Defendants violated a "non-compete" contract with their employer.  Such causes of action, according to Defendants, require a signed agreement in writing.  As Plaintiff has produced no such writing, Defendants argue, the case should be dismissed.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal,* 556 U.S. at 678).  "A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true."  *Id*. (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).  "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id.* (citing *Iqbal*, 556 U.S. at 679).

**ANALYSIS**

Defendants' argument is relatively straightforward. Defendants contend that under the operative statute governing Plaintiff's claims, Plaintiff's pleading is deficient because Plaintiff has failed to attach to it any written documents demonstrating a "non-compete" signed by Defendants. Such documents are required under Florida Statute § 542.335, according to Defendants, and therefore Plaintiff's claims must fail.

Plaintiff responds that Florida law expressly permits the introduction of parol evidence to prove the contents of a missing contract, so long as a Plaintiff can provide a satisfactory explanation that the original contract was lost or destroyed. Further, Plaintiff argues that it would be premature to dismiss its Amended Complaint as discovery has not yet been completed. Finally, Plaintiff contends that even if Defendants were correct that such a writing was needed, Plaintiff has nonetheless adequately alleged the tortious interference claim.

It is true that the text of § 542.335 states in relevant part that "[i]n any action concerning enforcement of a restrictive covenant…[a] court shall not enforce a restrictive covenant unless it is set forth in a writing signed by the person against whom enforcement is sought." Fla. Stat. § 542.335(1). However, Plaintiff invites this Court to look at *Env't Servs., Inc. v. Carter*, 9 So. 3d 1258 (Fla. Dist. Ct. App. 2009), a Florida case that speaks to the "writing" requirement of § 542.335. There, as here, the plaintiff was unable to produce the actual document in question, and instead argued that though the document was lost, its contents could be established through testimony. *Id.* at 1267.

The *Environmental Services* court, looking to Florida Statute § 90.954, found "that the original of a writing is not required and other evidence of its contents is admissible

when 'all originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith.'" *Id.* The court noted that "Florida law expressly permits the introduction of parol evidence to prove the contents of a contract where the proponent provides a satisfactory explanation that the original contract was lost or destroyed." *Id.* (citing § 90.954(3), Fla. Stat. (2008); *Ins. Co. of State of Pa. v. Genova Exp. Lines, Inc.,* 605 So.2d 941, 942–43 (Fla. 3d DCA 1992)).

The court also observed that "[a]s a general rule, the loss or unintentional destruction of a written document does not affect the validity of the transaction of which it is the evidence, or the rights and liabilities of the parties to the instrument." *Id.* (citing 35 Fla. Jur.2d *Lost & Destroyed Instruments & Records* § 4 (2009)). Ultimately, the court determined that the failure to produce a written instrument was not fatal to the claim, so long as Plaintiff could satisfy the court as to the contract's essential terms. *Id.*

"As a federal court sitting in diversity, we apply the substantive law of the forum state*." Davis v. Nat'l Med. Enterprises, Inc.*, 253 F.3d 1314, 1319 n.6 (11th Cir. 2001) (citing *Insurance Co. of N. America v. Lexow,* 937 F.2d 569, 571 (11th Cir.1991)). "In applying state law, we adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Id.* Given the *Environmental Services* decision, it appears Plaintiff's complaint should survive Defendants' Motion to Dismiss.

Defendants' sole argument is that the claim fails because Plaintiff has failed to provide a written document. However, this is not fatal to the claim so long as Plaintiff can provide a satisfactory reason why the document cannot be produced and can ultimately satisfy the Court of the contract's essential terms. Plaintiff's allegations, which are taken

as true at this stage of the litigation, state that the document in question was last in Defendants' possession. This is enough, at this stage, to meet the first requirement.  As to the essential terms, the undersigned notes that what constitutes an essential term of the contract is a factual inquiry, and thus not proper to dispose of at this stage of the litigation. *See Bellinzoni, S.R.L v. Bell Italy Sol. Corp*., No. 618CV1971ORL22GJK, 2019 WL 5295121, at *3 (M.D. Fla. June 24, 2019) ("Given the factual inquiry required to determine what constitutes an essential term, the Court finds [Defendant's] argument to be premature at the motion to dismiss stage."); *see also K3 Enterprises, Inc. v. Sasowski*, No. 20-24441-CIV-CANNON/OTAZO-REYES, 2022 WL 1499894, at *4 (S.D. Fla. Mar. 14, 2022) (allowing a case to go forward when it was plausible Fla. Stat. § 542.335(1)(a) could be satisfied).

Defendants' Motion to Dismiss should therefore be denied.

**RECOMMENDATION**

Based on the foregoing, the undersigned **RECOMMENDS** that the Defendants'
Motion to Dismiss, ECF No. 18, be **DENIED**.

Within seven (7) days after being served with a copy of this Report and
Recommendation, any party may serve and file written objections to any of the above
findings and recommendations as provided by the Local Rules for this district.  28 U.S.C.
§ 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely
object waives the right to challenge on appeal the District Court's order based on
unobjected-to factual and legal conclusions contained in this Report and
Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 16th day of February
2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Aileen M. Cannon
All Counsel of Record