UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 23-61617-BECERRA/HUNT

PROFESSIONAL KITCHEN
INSTALLER GROUP, INC.,

                Plaintiff,

v.

BENJAMIN COLON JR., NATALIA OSORNO COLON, and G.O.A.T. COMMERCIAL KITCHEN INSTALLATIONS, LLC,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before this Court on Plaintiff Professional Kitchen Installer Group's Motion for Summary Judgment. ECF No. 56. The Honorable Jacqueline Becerra referred this matter to the undersigned for a report and recommendation. *See* ECF No. 61; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the Response, the Reply, the entire record, arguments of counsel at a June 5, 2025, hearing, and applicable law, the undersigned hereby recommends that the Motion be DENIED for the reasons set forth below.

**I.    Background**

Benjamin Colon, Sr., is the sole owner and founder of Professional Kitchen Installer ("PKI"), a business that installs commercial kitchens across thirty-seven states and the Caribbean. ECF No. 6, 56. Colon, Sr. established PKI in 2004. *Id.* That same year Colon, Sr.'s son, Benjamin Colon, Jr., joined the business as an installer but was

also privy to internal procedures and proprietary client information.  *Id.*  Natalia Osorno Colon ("Osorno"), Colon, Jr.'s wife, joined PKI in 2015 as the company office manager.

In late 2019, PKI employees began signing non-compete and non-disclosure agreements ("Agreement") to ensure that confidential information could not be used by employees to launch rival businesses.  *Id.*  Osorno helped create the Agreement and managed the distribution and collection of signed Agreements for "lower tier nonmanagement people."  *Id.*  In February 2023, Colon, Jr. and Osorno left PKI and opened G.O.A.T. Commercial Kitchen Installations, LLC, ("GOAT") in North Carolina.  *Id.*

Although Colon, Sr. believed all employees had executed an Agreement for PKI, both Colon, Jr. and Osorno deny ever signing—or being asked to sign—an Agreement, just as many "upper management" and family member employees were not asked to sign an Agreement.  *Id.*; ECF No. 58.  Colon, Jr. and Osorno's testimonies also note PKI has inconsistently enforced the Agreement by not taking action against former PKI employees who either joined competitors or established competing businesses of their own.  ECF No. 58.  As proof of Colon, Jr. and Osorno's executed Agreements, PKI has submitted the affidavits of three witnesses—all PKI employees—who attest they saw Colon, Jr. sign an Agreement.  ECF No. 56.

Citing clients and business lost in North Carolina to GOAT, PKI now asserts a claim for a breach of the non-compete Agreement, specifically requesting a Preliminary and Permanent Injunction and alleging Breach of Contract and Tortious Interference with Business Relationship.  *Id.*  Defendants moved to dismiss the suit, alleging in part that PKI's pleading is deficient due to a failure to attach a copy of the executed Agreement or any written document demonstrating that Colon, Jr. and Osorno signed a "non-compete."

ECF No. 18.  The undersigned recommended denying that motion, noting that PKI may ultimately be able to submit other evidence that establishes the existence of a contract and sufficiently apprises the Court of the contract's essential terms.  ECF No. 24.  The District Court accepted the recommendation and ordered the case to move forward.  ECF No. 25.

PKI now moves for summary judgment, arguing it has amassed enough filings and other materials to support the existence of the signed Agreements that there is no genuine issue of material fact left.  ECF No. 56.

## II.     Legal Standard

For purposes of a motion for summary judgment, summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (stating there is no "requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim").  If that burden has been met, the burden shifts to the nonmoving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Clark*, 929 F.2d at 608.  "[S]ummary judgment will not lie

if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In determining whether there are any genuine issues of material fact, this Court may not weigh evidence or make any credibility determinations. *See Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992). Instead, this Court is required to resolve all reasonable doubts in favor of the non-moving party. *See Tolan v. Cotton*, 572 U.S. 650, 660 (2014); *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (citing *Williams v. City of Dothan*, 745 F.2d 1406 (11th Cir. 1984)). Summary judgment is not appropriate where "a rational trier of fact could find a verdict for the nonmoving party under the substantive evidentiary standard." *Tipton*, 965 F.2d at 999.

### III. Discussion

#### a. Existence of a Non-Compete Agreement

As evidence of the Agreements' existence, PKI points to sixteen exhibits of text exchanges, deposition transcripts, affidavits, and multiple other documents. ECF No. 56. Still, PKI relies most heavily on the affidavits of three third-party witnesses to Colon, Jr.'s signing of the Agreement, given by three PKI employees. ECF No. 56, Exh. 8. Each affiant attests that on the day they signed their Agreements, Colon, Jr. also signed an Agreement, but only after Colon, Sr. insisted he sign. *Id.* PKI also submitted a declaration made by Colon, Sr., in which he states that he witnessed Colon, Jr. sign an Agreement and saw a copy of Osorno's executed Agreement. ECF No. 56, Exh. 13. These documents, PKI argues, establish the existence of a valid Agreement that Defendants breached. ECF No. 56. But Defendants dispute this allegation and have unequivocally

4

testified under oath that they did not sign any Agreement. ECF No. 58. A fundamental disagreement as to such a central factual issue is hardly a recipe for summary judgment.

To be sure, PKI has produced evidence supporting PKI's claim for breach of contract. But the evidence does not conclusively establish this claim, at least not to the extent that there are no remaining genuine issues of material fact. On this record at this time, there remain disputed issues as to whether Colon, Jr. and Osorno were asked to sign an Agreement and whether they actually did sign an agreement. Without production of Colon, Jr. and Osorno's signed Agreements, questions remain. Although PKI has affidavits of witnesses to Colon, Jr.'s signing, Defendants have similarly submitted testimony regarding *not* signing the Agreements, as well as evidence showing that other "upper management" staff members were exempt from signing non-compete Agreements.

These issues and others should be resolved by a jury after a full exposition of the evidence, not by the Court at summary judgment. Courts "resolve factual controversies in favor of the nonmoving party [ ] only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). With factual controversies unresolved and unresolvable by the evidence currently proffered, the undersigned recommends denying the motion for summary judgment as to this issue.

### b. Tortious Interference

PKI also asks for summary judgment on its claim that Defendants tortiously interfered with PKI's business relationships. PKI claims Defendants used their knowledge of PKI's client list to steal business away from PKI. Even without an enforceable

agreement, "[a]n action for intentional interference is appropriate . . . if the jury finds that an understanding between the parties would have been completed had the defendant not interfered." *Georgetown Manor, Inc. v Ethan Allen, Inc.*, 991 F.2d 1533, 1542 (11th Cir. 1993). "To establish a claim for tortious interference with advantageous business relationships, plaintiff must show (1) the existence of an identifiable business relationship under which plaintiff had existing or prospective legal rights; (2) the defendant's knowledge of that relationship; (3) defendant's intentional and unjustifiable interference with that relationship; (4) damages resulting from the interference." *Gutierrez v. Martin Eng'g*, No. 05-80232-CIV-HURLEY, 2006 WL 8433636, at *6 (S.D. Fla. Apr. 28, 2006) (citing *id.*).

PKI's motion only refers generally to business lost to GOAT, and the evidence PKI has proffered does not conclusively establish any of the elements for tortious interference. As PKI alleges, Defendants may have had access to client information within PKI's business records, and perhaps Defendants allowed clients to believe GOAT was associated with PKI. But PKI's proffered evidence does not establish that any of PKI's clients who have since worked with GOAT had existing contracts with PKI that they gave up in favor of GOAT. Nor does the current proffered evidence indicate PKI had prospective business with any specific clients that PKI has since lost because GOAT interfered with the PKI-client relationship. And without evidence of actual damages, there remain genuine issues of material fact for the jury. Therefore, the undersigned recommends denying the motion for summary judgment as to this issue.

### c. Request for Injunctive Relief

PKI requests permanent injunctive relief, without which, it argues, Defendants' actions will continue to detrimentally impact PKI's business. But "a plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Defendants, in response, correctly note it is premature at the summary judgment stage to determine whether a permanent injunction is warranted. Any alleged injury PKI suffered may not be irreparable injury, and there may be suitable remedies at law, such as monetary compensation. There is nothing currently before this Court that would justify the extraordinary remedy of injunctive relief at this time. Therefore, the undersigned recommends denying the motion for summary judgment as to the issuance of injunctive relief.

## RECOMMENDATION

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 56, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 22nd day of July 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
   The Honorable Jacqueline Becerra
   All Counsel of Record